**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JATINDER SINGH,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-73200

Agency No. A201-108-126

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:   SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Jatinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the agency's denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the BIA's determination that, even if Singh established past persecution, the government rebutted the presumption of a well-founded fear of future persecution by demonstrating that Singh could safely and reasonably relocate to another part of India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii), (b)(3). We reject Singh's contention that the BIA erred in its internal relocation analysis. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008) (declining to second-guess an IJ's construction of "an ambiguous or somewhat contradictory" country report).

The BIA also did not abuse its discretion in denying humanitarian asylum. *See Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999) (humanitarian asylum based on the severity of past persecution is "reserved for rare situations of 'atrocious' persecution"); *Marcu v. INS*, 147 F.3d 1078, 1080, 1082-83 (9th Cir. 1998) (finding no abuse of discretion in denying humanitarian asylum where

2                                                                    14-73200

petitioner was detained, interrogated, and beaten and had his home searched by Romanian police multiple times and was harassed repeatedly for decades).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the BIA's denial of CAT relief because the record does not compel a finding that it is more likely than not that Singh will be tortured if he is removed to India. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**